ALICIA A.G. LIMTIACO
United States Attorney
CLYDE LEMONS, JR.
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 12-00085 |
|---|---|
| Plaintiff, | |
| vs. | **SECOND AMENDED PLEA AGREEMENT** |
| ALBERT PORTUSACH MENDIOLA, JR., a/k/a AJ MENDIOLA, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, ALBERT PORTUSACH MENDIOLA, JR., enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to an Amended Information charging him with Possession with Intent to Distribute Methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

2(a). The defendant understands that the maximum sentence for Possession with Intent to Distribute Methamphetamine is incarceration for not more than twenty (20) years imprisonment and there is no minimum mandatory sentence of imprisonment, a $1,000,000 fine, and a $100

1

special assessment fee, which must be paid immediately at the time the defendant is sentenced. The parties agree that there is no restitution in this case. Any sentence imposing a term of imprisonment shall include a term of supervised release of at least three (3) years in addition to such term of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, for each count, the Court may revoke the term of supervised release and sentence him to not more than an additional two (2) years of imprisonment pursuant to 18 U.S.C. § 3583(e)(3).

2(b). The defendant will be required to pay an assessment fee of $100, which is due and payable at the time of sentencing pursuant to 18 U.S.C. § 3013.

2(c). The government will recommend a fine within the Sentencing Guidelines range. The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The defendant agrees not to dissipate assets. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

Defendant agrees to make a full pre-sentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) and the

accompanying releases for the purpose of determining his ability to pay any Court-imposed monetary penalties. Defendant agrees to complete and return Form OBD-500 within three (3) weeks of execution of this plea agreement. If defendant is financially unable to immediately pay the monetary penalties in full, the defendant agrees (i) to cooperate with the Financial Litigation Unit of the United States Attorney's Office, (ii) to provide updated OBD-500 forms upon request by the United States Attorney's Office, (iii) to keep the Financial Litigation Unit advised about the defendant's current address, (iv) for his debt to be placed on the Treasury Offset Program which will offset any federal funds he is or will be entitled to as permitted by law, and (v) for his debt to be placed on any tax refund/rebate offset program existing in his state of residency. Defendant understands that any funds captured by the Treasury Offset Program or a state's tax refund/rebate offset program will be paid towards his monetary penalties and does not relieve him of his obligation to pay the monetary penalties in full. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant, ALBERT PORTUSACH MENDIOLA, JR., understands and agrees to surrender to the United States or any lawful agency as may be directed by the Court any and all assets or portions thereof acquired or obtained by him as a direct or indirect result of any criminal activity, including but not limited to the offense described in this agreement. The assets to be surrendered include, but are not limited to, cash, stocks, bonds, certificates of deposit, personal property and real property.

4. The defendant, ALBERT PORTUSACH MENDIOLA, JR., further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examination may include, but will not be limited to, his knowledge of or involvement in drug trafficking in Guam and elsewhere and his knowledge of

3

other persons' involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

5(a). The defendant, ALBERT PORTUSACH MENDIOLA, JR., further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of narcotics trafficking in Guam and elsewhere and people involved in trafficking narcotics into Guam and elsewhere. The defendant understands and agrees that complete and truthful cooperation is a material condition of this agreement. Cooperation shall include providing all information known to the defendant regarding any criminal activity, including but not limited to the offense to which he is pleading guilty. Cooperation will also include complying with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such times and places to be determined by counsel and/or investigators for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of the defendant requested by attorneys and agents of the United States; and, testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where the defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, local and federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that the defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or has done concerning the government's investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to "tip" or warn any subject of this investigation that defendant, subject or anyone else is being investigated. The United States agrees that any statements made by the defendant during the cooperation phase of this agreement shall not be used against the

defendant in any subsequent prosecutions unless the defendant has breached this agreement.

5(b). The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any criminal schemes of which he does not fully advise the United States, or for any material omissions in this regard.

5(c). Except as otherwise herein provided, and in particular Paragraph 10, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the Districts of Guam or the Northern Mariana Islands which defendant reveals to Federal authorities during his cooperation with the United States. This agreement is limited to crimes committed by defendant in the Districts of Guam or the Northern Mariana Islands.

5(d). If the United States determines, in its sole discretion, that the defendant has fully cooperated as set forth in paragraph 5(a) above, the United States will recommend that the defendant be sentenced to a term of imprisonment within the applicable guideline range as determined by the sentencing court. Defendant acknowledges that the determination of whether he has cooperated fully is solely up to the United States Attorney's Office.

6. The defendant understands that to establish the offense of Possession with Intent to Distribute Methamphetamine, a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), the government must prove each of the following elements beyond a reasonable doubt:

> First: Beginning on or about December 5, 2012, defendant knowingly possessed methamphetamine in Guam;
>
> Second: The defendant possessed the methamphetamine with the intent to distribute it to another person.

7. The defendant agrees that the Sentencing Guidelines apply to this offense. The

defendant also understands that the facts he stipulates to herein will be used, pursuant to Section 1B1.2 of the Sentencing Guidelines, in calculating the applicable guidelines level.

Further, if the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to Section 1B1.8(a) of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines' range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea. Pursuant to Federal Rule of Criminal Procedure 11(c)(3)(B), the defendant also understands that if the Court does not accept the sentencing recommendation made by the United States to the Court pursuant to Rule 11(c)(1)(B), the defendant nevertheless has no right to withdraw his guilty plea.

8. The government and the defendant stipulate and agree to the following facts for purposes of the Sentencing Guidelines and that the Sentencing Guidelines range shall be determined solely from the facts set forth herein, to wit:

(a) The defendant was born in 1982 and is a citizen of the United States of America.

(b) On December 4th and 5th, 2012 Alcohol Tobacco and Firearms Task Force Officer (ATF TFO) Tiamzon developed information from sources he believed to be reliable, that unusual activity was taking place at the residence of Cheryl Brewer in Barrigada, Guam. Said information, led TFO Tiamzon to conclude based upon his experience and training that the sale

6

of illegal narcotics was taking place at the residence.

On December 5, 2012 TFO Tiamzon and other ATF agents went to the residence. Subsequent to their arrival at that location, TFO Tiamzon asked Brewer if she would come outside the residence so that he could speak with her. Brewer agreed to come outside. TFO Tiamzon also observed the defendant inside of the residence, who appeared to be attempting to stay out of TFO Tiamzon's line of sight. TFO Tiamzon asked the defendant to step outside of the residence, which he did several minutes later.

Brewer consented in writing to allow agents to search her residence.

Agents searched a black bag located inside the residence. Inside of the bag agents found several Ziplock baggies, several cut plastic straws with suspected methamphetamine residue, scissors, one (1) silver metal plate, one (1) syringe, an electronic scale and several money bands. The aforementioned items are consistent and indicative of illegal drug sales. Agents recovered documents addressed to the defendant from inside of said black bag.

Agents also recovered two (2) Ziplock baggies containing methamphetamine from the area where TFO Tiamzon saw the defendant standing within the residence.

Agents field tested the methamphetamine, which yielded a presumptive positive for the presence of methamphetamine.

Defendant admits that he possessed the methamphetamine seized from the residence and the black bag and that he intended to distribute some or all of this methamphetamine to another person.

The substance was sent to the Drug Enforcement Administration for analysis by a forensic chemist. The forensic chemist determined the weight of the methamphetamine was 9.7 grams and the purity was 99.7%.

9. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether federal, state or local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

10. In exchange for the government's concessions in this plea agreement, the defendant voluntarily, knowingly and intelligently waives any right to appeal or to collaterally attack any aspect of the defendant's conviction including, but not limited to, any pretrial dispositions of motions and other issues. Defendant acknowledges and agrees that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction in this case. Defendant reserves the right to appeal the sentence actually imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if

any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act or constitutional restrictions as to the time of bringing such charges.

11. In the event that the United States believes the defendant has failed to fulfill any obligations under this agreement, or has falsely implicated an innocent person in the commission of a crime, then the United States shall, in its discretion, have the option of declaring any provision of this agreement or of its obligations herein null and void, in which event or events the defendant shall not be entitled to withdraw the plea of guilty made in connection with this plea agreement. Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this agreement. In determining whether there has been a breach, the parties agree that any polygraph results and the polygrapher's conclusions and opinions shall be admissible.

12. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement. Should the defendant be charged with any offense alleged to have occurred after the date of this agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

9

13. The defendant understands that his sentencing may be continued, at the discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to determine the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

14. Nothing in this agreement shall bind any other federal, state or local districts, jurisdiction or law enforcement agency other than the United States Attorney for the Districts of Guam and the Northern Mariana Islands.

15. The defendant understands that he may be subject to administrative action by federal or territorial agencies other than the United States Attorney for the Districts of Guam and the Northern Mariana Islands as a result of the guilty plea entered pursuant hereto, and this plea agreement in no way limits the action, if any, other agencies may take. In addition, the defendant understands that he may be subject to civil and equitable claims, demands or causes of action by the United States and others, and that this plea agreement in no way affects these claims, demands or causes of action.

16. This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial or the success of any prosecution.

17. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) the nature and elements of the charges and the mandatory minimum penalty provided by law and the maximum possible penalty provided by law;

(b) his right to be represented by an attorney;

(c) his right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) that if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the Court does not accept the sentencing recommendations of the government or his counsel.

(f) that, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in a prosecution for perjury or false statement if an answer is untrue;

(g) that he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) that he reads, speaks, writes and understands English;

(i) that he has read this agreement, and he fully understands it; and

(j) the defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

//

18. This plea agreement states the complete and only agreement between the United States Attorney for the Districts of Guam and the Northern Mariana Islands and the defendant, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or is on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

DATED: 03-17-15

ALBERT PORTUSACH MENDIOLA, JR.
Defendant

DATED: 03-17-15

CURTIS VAN DE VELD
Attorney for Defendant

ALICIA A.G. LIMTIACO
United States Attorney
Districts of Guam and the Northern Mariana Islands

DATED: 3/18/2015

CLYDE LEMONS, JR.
Assistant U.S. Attorney